UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAJAN BABU, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:25-CV-363 |
| | § | |
| WARDEN OF THE PORT ISABEL SERVICE | § | |
| DETENTION CENTER, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Petitioner Rajan Babu is currently detained by Immigration and Customs Enforcement at the Port Isabel Service Processing Center in Cameron County, Texas.  In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).  Petitioner bases his habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, and on the Due Process Clause of the Fifth Amendment.[1]

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which foreclosed Petitioner's statutory arguments.

Petitioner contends that *Buenrostro* did not address whether the Fifth Amendment's Due Process Clause permits Respondents to detain an individual under Section 1225(b)(2)(A) without an opportunity to seek bond. (Statement, Doc. 17)  He also references the recent decision in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), arguing that "*Buenrostro* did not address the preclusive effect of a federal

---

[1] Petitioner requests leave to amend his Petition, filing the proposed Amended Petition (Doc. 18). (Statement, Doc. 17, 3)  The Court finds that good cause supports the requested relief and grants the motion.  The Court accepts the Amended Petition (Doc. 18) as Petitioner's operative pleading.

1 / 3

declaratory judgment nor the constitutional implications of agency non-compliance with a final judgment."[2] (Statement, Doc. 17, 3)

For the following reasons, the Court concludes that Petitioner's remaining claims lack merit.

## I.

Petitioner argues that his continued detention under Section 1225(b)(2)(A)–i.e., without an opportunity to seek an individualized bond hearing–violates his Fifth Amendment due process rights. (Statement, Doc. 17)

Other courts have considered arguments substantively similar to those that Petitioner advances. *See, e.g.*, *Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[3] For the reasons expressed in those decisions, the Court concludes that Petitioner's

---

[2] Petitioner also references the Suspension Clause in his filings. (*See* Am. Petition, Doc. 18, 7; Statement, Doc. 17, 3) But he does not explain how Respondents' conduct violates the Suspension Clause, especially as the Court is exercising judicial review of Petitioner's detention, but ultimately finds Petitioner is not entitled to relief.

[3] While recognizing that other district courts have reached a contrary conclusion on this issue–s*ee, e.g., Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

## II.

Petitioner characterizes the *Maldonado* ruling on February 18, 2026, and related judgment as having a "preclusive effect" on Respondents, mandating his release. (Statement, Doc. 17, 3)  The Court, however, disagrees that the decisions in that matter provide a basis for relief to Petitioner in this Court.

First, the district court in *Maldonado* limited the reach of its judgment: "The Court cannot order nationwide release or bond hearings for Bond Eligible class members, especially so to those confined outside this judicial district." *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *30 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  To the extent that Petitioner argues that the February 2026 decision extended the reach of the relief that the case affords, he offers no persuasive argument in support of the argument.  And the Court finds, as other district courts have concluded, that the decision represents persuasive authority rather than binding precedent. *See e.g., Rodriguez Mendoza, et al., v. Raycraft, et al.*, No. 4:25CV2183, 2026 WL 507389, at *7 (N.D. Ohio Feb. 24, 2026).

## III.

For these reasons, the Court concludes that Petitioner is not entitled to relief.  Accordingly, it is:

**ORDERED** that Petitioner Ramiro Lopez Montoya's Amended Petition for Writ of Habeas Corpus (Doc. 18) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on March 5, 2026.

Fernando Rodriguez, Jr.
United States District Judge